IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL S. INMAN, | * | C.A. NO: |
| Plaintiff, | * | |
| v. | * | **COMPLAINT** |
| UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |

1. Plaintiff Michael S. Inman is an adult citizen currently residing at 2681 Agricola Road, Dadeville, Tallapoosa County, State of Alabama.

2. Defendant, United States of America is a sovereign entity with offices for purpose of service of process at the United States Attorney General's Office, 10th Street and Constitution Avenue, Washington, D.C., and the United States Attorney's Office for the District of Delaware, Chase Manhattan Centre, 1201 Market Street, Suite 1100, P.O. Box 2406, Wilmington, Delaware 19899-2046.

3. This action arises under the Federal Tort Claim Act, 28 U.S.C. §§2671-2680. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346.

4. Plaintiff Michael Inman filed a Claim for Damage, Injury or Death on March 29, 2007, in accordance with the provisions of 28 C.F.R. 14.2. A copy of the administrative claim has been attached as Exhibit "A".

5. To date, there has been no official denial of Plaintiff's Michael Inman's claim by Defendant United State of America, however, Plaintiff has been advised that his claim continues to be investigated by agents of the Defendant United States of America for more than a year following the date the Claim for Damage, Injury or Death was filed.

6. On April 28, 2005, and at all times pertinent to this matter, Plaintiff Michael Inman was operating a 2002 Chevrolet Monte Carlo, owned by Plaintiff and his father, Johnny Inman, westbound on Walnut Shade Road near Woodside, Kent County, in the State of Delaware. Plaintiff slowed and then stopped his motor vehicle due to stopped traffic located directly in front of his motor vehicle.

7. At the aforementioned time and location, Patrick McDonough was operating a 2002 Dodge Stratus, owned by Defendant United States of America, westbound on Walnut Shade Road, directly behind the motor vehicle operated by Plaintiff Michael Inman. Patrick McDonough failed to stop the Defendant's motor vehicle he was operating and the front of this motor vehicle owned by the United States of America struck the rear of Plaintiff's motor vehicle. The force of this collision caused Plaintiff's motor vehicle to be pushed forward, with the front of Plaintiff's motor vehicle striking the rear of a motor vehicle operated by Erin Carney, which was stopped directly in front of Plaintiff's motor vehicle.

8. At all times pertinent to this matter, Patrick McDonough was acting as the agent and/or employee of Defendant United States of America.

9. At all times pertinent to this matter, Patrick McDonough was acting within the scope of his agency and/or employment with Defendant United States of America.

10. Patrick McDonough's negligence is imputed to Defendant United States of America, by virtue of Defendant United States of America's agency and/or employment relationship with Patrick McDonough.

11. The aforementioned motor vehicle collisions were directly and proximately caused by the negligence of Patrick McDonough at the aforementioned time and location. Patrick McDonough was negligent in that:

(a) He operated the motor vehicle, owned by Defendant United States of America, in a careless or imprudent manner without due regard for road, weather and traffic conditions then existing in violation of 21 Del.C. §4176(a);

(b) He operated the motor vehicle, owned by Defendant United States of America, at a speed greater than was reasonable and prudent under the conditions that existed at the time of the collision and failed to have due regard for the actual and potential hazards then existing, in violation of 21 Del.C. §4168(a);

(c) He failed to give full time and attention to the operation of

Defendant's motor vehicle in violation of 21 Del.C. §4176(b);

(d) He failed to maintain a proper lookout while operating Defendant's motor vehicle in violation of 21 Del.C. §4176(b);

(e) He permitted the motor vehicle, owned by Defendant United States of America to follow the Plaintiff's motor vehicle directly in front of him more closely than was reasonable and prudent under the circumstances in violation of 21 Del.C. §4123(a); and

(f) He failed to maintain proper control of the motor vehicle he was operating, owned by Defendant United States of America.

12. As a direct and proximate result of the aforesaid negligence of Patrick McDonough resulting in the aforementioned motor vehicle collisions, Plaintiff Michael Inman suffered severe and serious bodily injuries, sustained and experienced great pain, suffering and discomfort of body and mind in the past and may continue to sustain and experience great pain, suffering and discomfort of body and mind in the future from these injuries.

13. As a further direct and proximate result of the aforesaid negligence of Patrick McDonough resulting in the aforementioned motor vehicle collision and injuries to Plaintiff Michael Inman, Plaintiff has undergone significant and painful medical treatment and has incurred medical expenses in the past. Further, as a consequence of the aforesaid negligence of Patrick McDonough, this Plaintiff may sustain similar medical treatment and

related medical expenses in the future.

14. As a further direct and proximate result of the aforesaid negligence of Patrick McDonough resulting in the aforementioned motor vehicle collision and injuries to Plaintiff Michael Inman, Plaintiff may sustain a loss of earnings and/or a loss of earning capacity in the future.

15. As a further direct and proximate result of the aforesaid negligence of Patrick McDonough, resulting in the aforementioned motor vehicle collision, Plaintiff has incurred property damages to his motor vehicle, resulting in it being declared a total loss by his automobile insurer, State Farm Mutual Automobile Insurance Company. Plaintiff incurred a $250.00 deductible loss as a result of this property damage.

WHEREFORE, the Plaintiff Michael S. Inman, demands judgment against the Defendant, United States of America for compensatory damages, generally and specially, including pain and suffering together with the costs of this action.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
WILLIAM D. FLETCHER, JR.
I.D. # 362
414 S. State Street
P.O. Box 497
Dover, DE 19903-0497
302-674-0140
Attorneys for Plaintiff

DATED:

# EXHIBIT "A"

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| COMMANDER<br>U.S. ARMY GARRISON, ABERDEEN PROVING GROUND<br>ATTN: IMNE-APG-LA-CL (CLAIMS)<br>2201 ABERDEEN BLVD<br>ABERDEEN PROVING GROUND, MD 21005-5001 | Michael Inman<br>1300 S. Farmview<br>Drive, Apt M-17<br>Dover, DE 19904<br><br>William D. Fletcher, Jr., Esq.<br>Schmittinger & Rodriguez<br>414 S. State Street<br>Dover, DE 19903 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>1/19/1987 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>April 28, 2005 | 7. TIME (A.M. OR P.M.)<br>3:15 p.m. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

See attached demand letter and the police report, which is also attached.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

Claimant and his father, Johnny Inman, 614 Sally Ct., Smryna, DE 19977 owned the property.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTEND OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

2002 Chevrolet Monte Carlo, see attached copies of photographs for depiction of damages. This motor vehicle was declared a total loss by State Farm. State Farm took possesion of the damaged motor vehicle and Claimant is unaware of its current location.

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See attached demand letter.

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Julie Campbell<br>Ashley Mullen<br>William Doughty | 636 Walnut Shade Road, Dover, DE 19901<br>153 Winding Ridge Road, Dover, DE 19904<br>23 Hedgerow Hollow, Smyrna, DE 19977 |

12. (See instructions on reverse)  AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| $250.00 (Deductible) | $20,000.00 | None | $20,250.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| [signature] | (302) 222-4391 | 3/28/07 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

Previous editions not usable.

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

INSTRUCTIONS

Complete all items - Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extend of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

Do you carry accident insurance? Yes. If yes, give name and address of insurance company (Number, street, city, State, and Zip Code) and policy number. ☐ No

Yes, State Farm Insurance Company
One State Farm Drive
P.O. Box 953
Frederick, MD 21705-0953

Policy #65690A1708B

Claim #08-5136-514

Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

Yes, a claim was filed.  Deductible

17. If deductible, state amount

$250.00 for property damage

If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (It is necessary that you ascertain these facts)

State Farm has paid for PIP coverage, which is limited to medical expenses and lost wages. Property damage has been paid, less the deductible of $250.00.

Do you carry public liability and property damage insurance? Yes. If yes, give name and address of insurance carrier (Number, street, city, State, and Zip Code) ☐ No

Yes, see #15 above.

SF 95 (Rev. 7-85) BACK
USAPPC V1.00

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Michael S. Inman

**DEFENDANTS**
United States of America

(b) County of Residence of First Listed Plaintiff  Tallapoosa
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  N/A
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
William D. Fletcher, Jr., Schmittinger & Rodriguez, P.A., 414 South State Street, Dover, DE 19901, (302) 674-0140

Attorneys (If Known)
Unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 2671 et. seq.
Brief description of cause:
Federal Tort Claim involving a motor vehicle collision.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 20,250.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____
DOCKET NUMBER _____

DATE  7-1-08
SIGNATURE OF ATTORNEY OF RECORD  /s/ William D. Fletcher

**FOR OFFICE USE ONLY**
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____08 - 4_____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____1____ COPIES OF AO FORM 85.

_____7/2/08_____  _____X R. Curt Gruber_____
(Date forms issued)  (Signature of Party or their Representative)

_____X R. Curt Gruber_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action